IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02857-GPG

BRIAN HICKS,

    Plaintiff,

v.

SPRINT NEXTEL CORPORATION,
SPRINT NEXTEL COMPANY, LP,
SPRING COMMUNICATIONS COMPANY, LP, and
SPRINT SPECTRUM, LP,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Brian Hicks, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the McCreary United States Penitentiary in Pine Knot, Kentucky. He alleges that he is a resident of Colorado. He submitted *pro se* a Complaint (ECF No. 1) pursuant to 28 U.S.C. §§ 1331 and 1332 that is not on the Court-approved Prisoner Complaint form. However, Plaintiff was not directed to cure that deficiency. He also submitted a motion titled "Ex Parte Motion to Take Expedited Discovery Pursuant to Fed. R. Civ. P. 26(d)" (ECF No. 3).

    The Court reviewed the documents and on October 24, 2014, entered an order directing Mr. Hicks within thirty days to cure certain enumerated deficiencies. The October 24 order pointed out that Mr. Hicks failed to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form, i.e., the current form revised October 1, 2012, with an authorization and

certificate of prison official. The October 24 order also pointed out that Mr. Hicks failed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. The October 24 order directed Mr. Hicks to obtain, with the assistance of his case manager for the facility's legal assistant, the Court-approved form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, and to use that form in curing the designated deficiencies. On November 21, 2014, instead of filing a completed § 1915 motion and affidavit, Mr. Hicks paid the full $400.00 filing fee.

The October 24 order also directed Mr. Hicks to show cause why the Prisoner Complaint and action should not be dismissed because he failed to allege an adequate basis to invoke this Court's subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Mr. Hicks asserted jurisdiction under both.

The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A federal district court may therefore raise the objection that it lacks jurisdiction on its own initiative, at any stage of the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the

subject matter, the court shall dismiss the action."); *see also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) (The issue of subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings.).

In the October 24 order, Magistrate Judge Boland noted that Mr. Hicks asserted he was convicted on state criminal charges in Denver District Court Case No. 08CR10479. He complained that the alleged purging of data from Sprint cell tower records destroyed evidence that would have exonerated him. He argued that Defendants' failure to comply with the provisions of the Stored Communications Act (SCA), 18 U.S.C. §§ 2701, *et seq.*, by preserving and disclosing cell tower records violated his rights under the Colorado and federal constitutions. He asked for declaratory relief and money damages.

As Magistrate Judge Boland informed Mr. Hicks in the October 24 order, Mr. Hicks cannot invoke this Court's jurisdiction on the basis of a federal question pursuant to 28 U.S.C. § 1331 by attempting to assert violations of criminal law, because he lacks standing to do so. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Mr. Hicks lacks standing to invoke the authority of

United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States.  Mr. Hicks does not allege any basis other than the SCA to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331.  Therefore, Plaintiff must meet the requirements of the diversity jurisdiction statute, 28 U.S.C. § 1332, to maintain his claims in federal court.

A plaintiff properly invokes 28 U.S.C. § 1332 jurisdiction when he or she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.  *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively.  *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

In the October 24 order, Magistrate Judge Boland pointed out that Plaintiff alleged he is a Colorado resident currently incarcerated in Kentucky, the Defendants are Kansas corporations, and the amount is controversy is in excess of $75,000.  *See* 28 U.S.C. § 1332.  However, Plaintiff failed to allege adequately a basis for exercising diversity jurisdiction over his claim, because the claim of SCA violations does not support a diversity action.  The allegations of the Complaint are therefore insufficient to invoke this Court's diversity jurisdiction, and Mr. Hicks has failed to show cause as directed.  The Complaint will be dismissed for lack of subject matter jurisdiction.

Regardless of the posture of his Complaint, Mr. Hicks appears to be challenging his conviction in Denver District Court Case No. 08CR10479.  To the extent Mr. Hicks

seeks to challenge his criminal conviction or obtain his release from incarceration, his sole federal remedy is a writ of habeas corpus, after he has exhausted state court remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  The Court will not consider the merits of any habeas corpus claims in this action.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Hicks files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  3rd  day of    December    , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK
Senior Judge, United States District Court