IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02857-LTB

BRIAN HICKS,

Plaintiff,

v.

SPRINT NEXTEL CORPORATION,
SPRINT NEXTEL COMPANY, LP,
SPRINT COMMUNICATIONS COMPANY, LP, and
SPRINT SPECTRUM, LP,

Defendants.

---

ORDER GRANTING MOTION FOR RECONSIDERATION

---

This matter is before the Court on the "Motion for Reconsideration" (ECF No. 13) filed *pro se* by Plaintiff, Brian Hicks, on January 5, 2015. The Court must construe the Motion liberally because Mr. Hicks is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the Motion will be construed liberally as a motion for reconsideration.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to

reconsider filed more than twenty-eight days after the final judgment in an action should be considered filed pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)). Plaintiff's Motion was docketed on January 5, 2015, 33 days after a Final Judgment was entered dismissing this action on December 3, 2014. However, the Motion is dated December 24, 2014. (*See* ECF No. 13 at 10.) In light of the Court's obligation to *pro se* litigants, as well as in consideration of the obstacles inherent in sending mail through the prison system, the Court accepts the Motion as filed under the Rule 59(e) deadline and will consider the Motion pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver,* 952 F.2d at 1243; *see also Hall,* 935 F.2d at 1110 ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers"); *Mitchell v. Medina,* 12-cv-00251-BNB, 2012 WL 1578737, at *3-4 (D. Colo. May 4, 2012) (describing prison mailbox rule).

It is well established in the Tenth Circuit that grounds for a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does,* 204 F.3d 10005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995). Therefore, a motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Moreover, a motion to reconsider is not to be used as a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van*

*Skiver,* 952 F.2d at 1243). Finally, a motion for reconsideration “is an extreme remedy to be granted in rare circumstances.” *Brumark Corp.,* 57 F.3d at 944.

**I. Procedural Background**

Plaintiff, a prisoner in the custody of the Federal Bureaus of Prisons currently incarcerated at the McCreary United States Penitentiary in Pine Knot, Kentucy, initiated this action on October 20, 2014 by submitting a Complaint pursuant to 28 U.S.C. §§ 1331 and 1332. On October 24, 2014, the Court ordered Plaintiff to cure certain enumerated deficiencies and to show cause why the action should not be dismissed because he failed to allege an adequate basis to invoke this Court’s subject matter jurisdiction. Forty days later, on December 3, 2014, the Court dismissed the complaint and action for lack of subject matter jurisdiction because Plaintiff failed to comply with the October 24 Order to show cause as directed.

On December 8, 2014, Plaintiff’s Motion to Amend Complaint (ECF No. 9), Renewed Ex Parte Motion to Take Expedited Discovery (ECF No. 10), and Response to Order to Cure Deficiencies and Show Cause (ECF No. 11) were entered. The certificate of service accompanying Plaintiff’s Response stated that “under penalty of perjury, pursuant to 28 U.S.C. § 1746, the foregoing ‘Response to Order to Cure Deficiencies and Show Cause’ was mailed to the Office of the Clerk, Alfred A. Arraj United States Courthouse, 901 19th Street, Room A-105, Denver, CO 80294-3589, on November 24, 2014.” (*See* ECF No. 11 at 14.)

Plaintiff now seeks reconsideration of the December 3 dismissal order and asks the Court to reinstate this action because under the “prison mailbox rule,” the response was timely filed and the case should not have been dismissed for failure to show cause.

**II. Analysis**

"The prison mailbox rule, as articulated by the Supreme Court in *Houston v. Lack,* 487 U.S. 266, 276 (1988), holds that a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot,* 420 F.3d 1158, 1163-64 (10th Cir. 2005). The Tenth Circuit has long applied the prison mailbox rule in contexts beyond the filing of a notice of appeal. *See id.* at 1164.

An inmate can obtain the benefit of the prison mailbox in one of two ways: (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid. *Price,* 420 F.3d at 1165.

Plaintiff's certificate of service states that the Response was placed in the prison mail system on November 24, 2014. The certificate of service also contains a declaration under penalty of perjury. Accordingly, the Court finds that Plaintiff has made a sufficient showing that the Response was timely filed under the prison mailbox rule. The Court finds that it is in the interests of justice to vacate the order dismissing this action. Therefore, the Motion for Reconsideration will be granted. The case will be returned to the Pro Se Docket for review under § 1915(e)(2). The December 9, 2014 Minute Order denying ECF Nos. 9 and 10 shall be vacated.

Accordingly, it is

ORDERED that the "Motion for Reconsideration" (ECF No. 13), filed *pro se* by

Plaintiff, Brian Hicks, on January 5, 2015, which the Court has construed liberally as a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e), is GRANTED. It is

FURTHER ORDERED that the Order of Dismissal (ECF No. 7) and the Judgment (ECF No. 8) entered in this action on December 3, 2014, are VACATED. It is

FURTHER ORDERED that the Clerk of the Court reinstate and return this action to the Pro Se Docket. It is

FURTHER ORDERED that the December 9, 2104 Minute Order denying ECF Nos. 9 and 10 shall also be VACATED.

DATED at Denver, Colorado, this 8th day of January, 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court