IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02857-GPG

BRIAN HICKS,

    Plaintiff,

v.

SPRINT NEXTEL CORPORATION,
SPRINT NEXTEL COMPANY, LP,
SPRINT COMMUNICATIONS COMPANY, L.P., and
SPRINT SPECTRUM, L.P.,

    Defendants.

---

ORDER GRANTING MOTION FOR RECONSIDERATION

---

Plaintiff, Brian Hicks, is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the McCreary United States Penitentiary in Pine Knot, Kentucky. On May 14, 2015, Plaintiff filed *pro se* a Motion for Reconsideration (ECF No. 23). In the motion, Plaintiff asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 21) and the Judgment (ECF No. 22) entered in this action on April 13, 2015. The Court must construe the motion to reconsider liberally because Mr. Hicks is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be granted.

**I. Background**

Plaintiff initiated this action on October 20, 2014, by filing *pro se* a Complaint pursuant to 28 U.S.C. §§ 1331 and 1332 seeking money damages and declaratory relief for Defendants' alleged failure to comply with the Stored Communications Act ("SCA"),

18 U.S.C. §§ 2701, *et seq.* Specifically, Mr. Hicks asserts that Defendants violated the SCA by knowingly failing to preserve and produce cell tower records after receiving legal requests for the information from law enforcement. (ECF No. 9-1 at ¶¶ 9, 43, 49). He further alleges that by failing to comply with the SCA, Defendants knowingly prevented him from obtaining these records and effectively prevented him from using key evidence that would have acquitted him of murder charges; as such, he alleges that Sprint Nextel infringed upon his rights under both the Colorado and the United States Constitutions. (ECF No. 9-1 at ¶ 23, 41).

The Court initially reviewed the Complaint under D.C.ColoLCiv.R. 8.1(a) and (b) and, on October 24, 2014, entered an order directing Mr. Hicks to cure certain enumerated deficiencies within thirty days. (ECF No. 4). The October 24, 2014 Order pointed out that Mr. Hicks had not paid a filing fee and had failed to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. *Id.* On November 21, 2014, instead of filing a completed § 1915 motion and affidavit, Mr. Hicks paid the full $400.00 filing fee. (ECF No. 6).

The October 24, 2014 Order also directed Mr. Hicks to show cause why the Complaint and action should not be dismissed because he failed to allege an adequate basis to invoke this Court's subject matter jurisdiction. (ECF No. 4). On December 3, 2014, the Court dismissed the Complaint and action for lack of subject matter jurisdiction because Mr. Hicks failed to comply with the October 24, 2014 Order to Show Cause as directed. (ECF No. 7).

Subsequently, on December 8, 2014, Mr. Hicks' "Motion to Amend Complaint" (ECF No. 9), "Renewed Ex Parte Motion to Take Expedited Discovery" (ECF No. 10),

and "Response to Order to Cure Deficiencies and Show Cause" (ECF No. 11) were filed. On January 5, 2015, Mr. Hicks filed a "Motion for Reconsideration," arguing that the action should not have been dismissed because his response to the October 24, 2014 Order to Show Cause was timely filed under the prison mailbox rule. (ECF No. 13). On January 8, 2015, the Court granted the motion for reconsideration, and reinstated the case. (ECF No. 14).

On February 4, 2015, the Court issued an Order to Show Cause as to why the action should not be dismissed as time-barred. (ECF No. 16). On March 12, 2015, Mr. Hicks filed a Response to the Order to Show Cause (ECF No. 19), as well as a Second Motion to Amend (ECF No. 20).

On April 13, 2015, the Court dismissed the action with prejudice as barred by the statute of limitations, and denied the remaining outstanding motions as moot. (ECF No. 21 at 8). A judgment was entered the dame day. (ECF No. 22).

On May 14, 2015, Plaintiff filed a Motion for Reconsideration. (ECF No. 23). Mr. Hicks asserts two reasons why his motion to reconsider should be granted: (1) "The court did not have authority to screen and summarily dismiss Mr. Hicks' civil action under 28 U.S.C. § 1915" (ECF No. 23 at 4); and (2) "the Court applied the wrong legal standard in determining the accrual of Mr. Hicks' claims" (ECF No. 23 at 6).

The Court is persuaded by Mr. Hicks' argument that it did not have authority to screen and summarily dismiss his civil action under § 1915.

**II. Analysis**

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

3

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered filed pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).

In this case, Plaintiff's Motion to Reconsider was docketed on May 14, 2015, thirty-one days after a final judgment was entered dismissing this action on April 13, 2015. However, the Motion to Reconsider is dated May 8, 2015. (*See* ECF No. 23 at 17). In light of the Court's obligation to *pro se* litigants, as well as in consideration of the obstacles inherent in sending mail through the prison system, the Court accepts the Motion to Reconsider as filed under the Rule 59(e) deadline and will consider the Motion pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver,* 952 F.2d at 1243; *see also Hall,* 935 F.2d at 1110 ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers"); *Mitchell v. Medina,* 12-cv-00251-BNB, 2012 WL 1578737, at *3-4 (D. Colo. May 4, 2012) (describing prison mailbox rule).

It is well established in the Tenth Circuit that grounds for a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does,* 204 F.3d 10005, 1012 (10th Cir.

2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995). Therefore, a motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Moreover, a motion to reconsider is not to be used as a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver,* 952 F.2d at 1243). Finally, a motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp.,* 57 F.3d at 944.

The order of dismissal in this case was based on a *sua sponte* review of the statute of limitations. (ECF No. 21 at 8). Mr. Hicks argues that the district court erred when it *sua sponte* dismissed the action on statute of limitations grounds. The Court agrees.

In some circumstances, *sua sponte* dismissal of a case is appropriate. For example, the Tenth Circuit has held that *sua sponte* dismissal of a meritless claim under Fed. R. Civ. P. 12(b)(6) or a statutory provision, which cannot be cured with an amended complaint, does not violate due process or unduly burden a plaintiff's right of access to the courts. *McKinney v. Oklahoma Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991); *Baker v. Director, United States Parole Comm'n*, 286 U.S. App. D.C. 310, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) ("[A] trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief. . . . [This rule] is practical and fully consistent with plaintiffs' rights . . . ." (internal quotation marks omitted)).

However, *sua sponte* dismissal based on the affirmative defense of statute of limitations is generally not permitted. *See U.S. v. Mitchell*, 518 F.3d 740, 748 (10th Cir.

2008) (citing *Eriline Co. S.A.*, 440 F.3d 648, 653-54 (4th Cir. 2006); *Haskell v. Wash. Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988); *Davis v. Bryan*, 810 F.2d 42, 45 (2d Cir. 1987); *Wagner v. Fawcett Publ'ns*, 307 F.2d 409, 412 (7th Cir. 1962)). Statutes of limitations have traditionally been construed as benefitting the litigants, not the court. *Id.* Further, the affirmative defense of statute of limitations can be waived if not raised, and therefore, it should not be raised *sua sponte* by the court. *Id.* at 749; *see also Eriline*, 440 F.3d at 657 (reversing district court's dismissal because it was an error of law for the court to raise and consider the statute of limitation defense *sua sponte* in an "ordinary civil case.")

Despite the "general rule," in some cases, such as evaluating a § 2254 habeas petition or a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the petition or complaint plainly reveals the existence of such defense. *Eriline*, 440 F.3d at 653-54; *Fratus v. Deland*, 49 F.3d 673 (10th Cir. 1995). The important judicial and public interest implications of § 2254 and § 1915 actions, combined with the "quasi-inquisitorial role of a district court in such proceedings to screen initial filings," justify a departure from the general rule in those cases. *Eriline*, 440 F.3d at 653-54. Additionally, this Court has adopted local rules allowing for the Court to summarily dismiss prisoner pleadings (whether represented by counsel or not), if the prisoner is:

    (1) proceeding without prepayment of fees;
    (2) challenging prison conditions;
    (3) seeking redress from a governmental entity, officer, or employee; or
    (4) asserting claims pertinent to his or her conviction or sentence, except
       in death penalty cases.

D.C.Colo.L.Civ.R. 8.1(b).

However, in the instant action, although the Plaintiff is a prisoner, and he did not initially pay the filing fee when he filed the action, he is not proceeding under §2254, §1915, or any of the provisions in D.C. Colo. L. Civ. R. 8.1(b).  As such, even though Plaintiff is a prisoner, this action is considered an ordinary civil case, and the general rule that a district court should refrain from raising and considering the affirmative defense of statute of limitations *sua sponte* applies.  Accordingly, it is

ORDERED that the Motion to Reconsider (ECF No. 23) is GRANTED; it is

FURTHER ORDERED that the Order of Dismissal (ECF No. 21) and the Judgment (ECF No. 22) entered in this action on April 13, 2015, are VACATED.  It is

FURTHER ORDERED that the Clerk of the Court reinstate and return this action to the Pro Se Docket.

DATED at Denver, Colorado, this   29th   day of     May                       , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court