IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-02857-RBJ-MJW

BRIAN HICKS,

Plaintiff,

v.

SPRINT NEXTEL CORPORATION,
SPRINT NEXTEL COMPANY, LP,
SPRINT COMMUNICATIONS COMPANY, L.P., and
SPRINT SPECTRUM, L.P.,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that:

- Defendants' Motion to Stay Discovery (Docket No. 61) is GRANTED for the reasons set forth below;

- All proceedings in this case are STAYED pending resolution of Defendants' Motion to Dismiss (Docket No. 46);

- Plaintiff's Second Motion for Issuance of Subpoenas (Docket No. 64) is DENIED WITHOUT PREJUDICE, to be refiled if and when the stay is lifted; and

- Each party is DIRECTED TO FILE a written status report on or before January 5, 2016, in the event that Defendants' Motion to Dismiss (Docket No. 46) has not been ruled on by Judge Jackson.

In this District, the Court applies the "String Cheese" factors in determining whether to stay proceedings:

> The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.  Rule 26(c) does however, permit the court to "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  See Fed. R. Civ. P. 26(c) (2005). . . .

> In order to evaluate [a] motion for stay, [the Court] may weigh the following interests: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also CGC Holding Co. v. Hutchens*, 965 F. Supp. 2d 1277 (D. Colo. 2013) (Jackson, J.) (applying similar factors in evaluating stay of proceedings pending interlocutory appeal).

A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2040, at 198 (3d ed. 2010).

Here, the factors weigh in favor of a stay. *First*, as to Plaintiff's interests, Plaintiff asserts that the matters in this case relate to his ability to establish his innocence and therefore get out of prison – but this lawsuit is one for damages, not any sort of injunctive relief compelling Defendants to turn over evidence. (*See* Docket No. 20-1, p.24.) Further, there is no indication that the information Plaintiff seeks from Defendants will dissipate or otherwise become unavailable in the near future. **(The Court hereby reminds Defendants of their duty to preserve evidence pursuant to a litigation hold.)** A short delay in proceedings appears unlikely to prejudice Plaintiff's interests in any material way. This factor weighs in favor of a stay.

*Second*, the Plaintiff convincingly argues that the burden on Defendants is minimal, due to the very limited nature of Plaintiff's discovery requests – which, in truth, ask only for documents that might very well be subject to initial-disclosure requirements anyway. (*See* Docket No. 63, pp.20-21.) This factor weighs against a stay.

*Third*, the convenience of the court weighs in neither direction in this instance.

*Fourth*, the interests of third parties weigh heavily in favor of a stay, given the number of subpoenas that Plaintiff has requested. (*See* Docket Nos. 57 & 64.)

*Fifth*, the public interest in efficient judicial proceedings weighs in favor of a stay where, as here, a pending motion to dismiss raises three independently dispositive threshold issues, none of which appear frivolous on their face. (*See* Docket No. 46.)

Balancing these factors, a short stay of proceedings makes sense in this case and will not materially prejudice any party. Defendant's motion is therefore granted.

Date: October 29, 2015